## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TAMMY REDDY,<br>    Plaintiff | ) |
| | ) |
| | ) |
| v. | ) Civil Action File No. |
| | ) |
| DIVERSIFIED CONSULTANTS,<br>INC., | ) **JURY TRIAL DEMAND** |
| | ) |
|     Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

COMES NOW, Plaintiff Tammy Reddy ("Plaintiff") and, for her Complaint against Diversified Consultants, Inc., (hereinafter "Defendant"), shows as follows:

## JURISDICTION

1.     Plaintiff is a natural person with her personal residence located in the State of Georgia.

2.     Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c), 15 U.S.C. § 1692(a)(3) and O.C.G.A. § 10-1-392(6).

3.     Defendant is a foreign corporation registered to do business in Georgia.

4.     Defendant may be served through its registered agent, Incorp Services, at 1201 Peachtree Street NE, Atlanta, Georgia, 30361.

1

5.    Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

6.    Venue is proper pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions relevant to this action took place in the Northern District of Georgia.

7.    Plaintiff had a contract for telephone services with T-Mobile that expired on October 27, 2013.

8.    Plaintiff cancelled her service with T-Mobile on October 31, 2013.

9.    T-Mobile continued to bill Plaintiff for telephone services.

10.    Beginning in October 2013, Plaintiff began to have problems with T-Mobile correctly representing her final charges.

11.    In October 2013, T-Mobile failed to credit Plaintiff's account with an existing credit of $36.

12.    On October 25, 2013, T-Mobile failed to credit Plaintiff's account after Plaintiff made a payment of $89.36.

13.    Between October 25, 2013, and November 24, 2013, Plaintiff incurred a bill of $32.53 for the seven days of service Plaintiff had during that time.  However, T-Mobile charged Plaintiff's account for $144.06, the amount for a full month of service.

14.     On February 5, 2013, Plaintiff informed T-Mobile that she had retained an attorney, and requested that T-Mobile communicate with her through her attorney in the future.

15.     On February 5, 2013, Plaintiff provided T-Mobile with payment in the amount of $194.20, along with a letter describing the errors made in charging her account. The letter stated that acceptance of the enclosed payment would be considered acceptance of payment in full on the account.  T-Mobile accepted and cashed the check.

16.     Despite Plaintiff's repeated attempts to correct the problems created by T-Mobile from November 2013 through 2014, T-Mobile referred her account to West Asset Management for debt collection.

17.     On March 24, 2014, West Asset Management informed Plaintiff that it was now handling her account and began reporting the debt on Plaintiff's credit report.

18.     Plaintiff's counsel disputed the debt and Plaintiff filed a complaint with the credit reporting agencies challenging West Asset Management's claims to the debt as well as its inaccurate credit reporting.

19.     Beginning in or around December 2014, Defendant Diversified Consultants, Inc. began making repeated phone calls to Plaintiff regarding the same invalid debt

about which T-Mobile and West Asset Management had previously contacted Plaintiff.

20.     In attempting to collect this invalid debt from Plaintiff, Defendant used an artificial or pre-recorded voice system to make numerous calls to Plaintiff.

21.     In addition to using an automated system that made artificial and pre-recorded voice calls to Plaintiff, the automated calls were made to Plaintiff's cellular phone, to which Plaintiff did not give consent for Defendant to make calls.

22.     From December 4, 2014, through December 16, 2014 alone, Defendant made at least twenty-two (22) such artificial or pre-recorded calls to Plaintiff's cellular phone.

23.     Further, Defendant erroneously reported to Credit Reporting Agencies that Plaintiff had a bad debt that was in collection.

24.     Defendant has violated the Georgia Fair Business Practices Act ("FBPA") by engaging in unfair and deceptive acts in the conduct of consumer transactions, to wit, attempting to collect on a debt that does not exist.

25.     Defendant has violated the Fair Debt Collection Practices Act ("FDCPA") by engaging in false and misleading representations by claiming that Plaintiff was in default on a debt when she was not, and attempting to collect debts that Plaintiff did not owe.

4

26.     Defendant has violated the Telephone Consumer Reporting Act ("TCPA") by making artificial or pre-recorded voice-calls to Plaintiff on her cellular phone without her consent.

## COUNT I:  FAIR BUSINESS PRACTICES ACT

27.     Plaintiff incorporates herein by reference the preceding paragraphs of the complaint.

28.     It is unlawful to engage in an unfair or deceptive act or practice in the conduct of consumer transactions pursuant to the Georgia Fair Business Practices Act found at O.C.G.A. § 10-1-390.

29.     Claiming to have the right to collect on a debt when no such debt exists is an unfair and deceptive act or practice.

30.     Defendant violated the FBPA by claiming that Plaintiff owed a debt for a phone service that Plaintiff had cancelled in an attempt to illegally obtain funds from Plaintiff.

31.     Defendants' violation of the FBPA has resulted in injury to the Plaintiff in an amount to be proven at trial.

## COUNT II:  FDCPA – FALSE OR MISLEADING REPRESENTATIONS

32.     Plaintiff incorporates herein by reference the preceding paragraphs of the complaint.

33.    The Fair Debt Collection Practices Act ("FDCPA") imposes specific obligations upon debt collectors to, *inter alia*, not use false, deceptive or misleading representation or means in the collection of a debt.

34.    The FDCPA specifically prohibits the false representation of the character, amount, or legal status of the debt.

35.    Defendant Diversified Consultants falsely represented the character and amount of debt owed by the Plaintiff in violation of the FDCPA, as she made timely payments on her account and was not in default on her debts to Diversified Consultants.

36.    As a result of Defendant Diversified Consultants violation of the FDCPA, Plaintiff is entitled to statutory relief.

## COUNT III:  TELEPHONE CONSUMER PROTECTION ACT

37.    Plaintiff incorporates herein by reference the preceding paragraphs of the complaint.

38.    The TCPA makes it unlawful for debt collectors to use artificial or prerecorded voices in telephone calls to any residential line without prior express consent.

39.    Defendant did not have prior express consent to call Plaintiff as Plaintiff had no prior dealings with Defendant and did not owe the alleged debt.

6

40.    As a result of Defendant's violation of the TCPA, Plaintiff is entitled to statutory relief.

Wherefore, Plaintiff prays for the following relief:

(a) That the Court enter judgment in favor of the Plaintiff and against Defendants in an amount to be determined at trial, including statutory damages, actual damages, punitive damages, attorneys' fees, expenses and costs; and,

(b) That Plaintiff have such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL OF ALL CAUSES OF ACTION**

Respectfully submitted, this 1st day of June, 2015.

**Keegan Law Firm, LLC**

/s/Marcus G. Keegan
Marcus G. Keegan
Georgia Bar. No. 410424
2987 Clairmont Road NE
Suite 225
(404) 842-0333(Phone)
(404) 920-8540 (Fax)
mkeegan@keeganfirm.com